IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CARLOS GOMEZ<br>　*Plaintiff*, | §<br>§<br>§ | C.A. NO. _____ |
| vs. | §<br>§ | |
| UNION PACIFIC RAILROAD COMPANY<br>　*Defendant*. | §<br>§ | [JURY] |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, CARLOS GOMEZ, complains of Defendant, UNION PACIFIC RAILROAD COMPANY, and, for cause, would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD, and Plaintiff and Defendant are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   The subject incident in which Plaintiff sustained the injuries and damages complained of herein occurred within this District and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## II.
## PARTIES

2.01   Plaintiff, CARLOS GOMEZ, is a Texas resident.

2.02   Defendant, UNION PACIFIC RAILROAD COMPANY ["UNION PACIFIC"], is a corporation duly organized, created and existing pursuant to the laws of the State of Delaware,

1

with its principal office located in Omaha, Nebraska. Union Pacific does substantial business in Texas and the Southern District of Texas and, therefore, is subject to this Court's jurisdiction. Union Pacific may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## FACTS

3.01   On or about February 5, 2021, Plaintiff was employed as a waste truck operator for WCA Waste Corporation. At approximately 3:00 am on February 5, 2021, Plaintiff was driving his waste truck proceeding westbound on Market Street in Houston, Texas. As Plaintiff approached a set of railroad tracks crossing Market Street in the vicinity of the 7791 block, he observed no warning lights or signals indicating a train was traveling on the tracks. Specifically, there is an automatic crossing gate, signal lights, and a railroad crossing sign facing westbound traffic on Market Street. Upon information and belief, the crossing gate arm was in the "up" position and no signal lights were illuminated as Plaintiff began traveling over the tracks. Once Plaintiff began crossing over the tracks, suddenly and unexpectedly, a train forcefully struck the left, front side of Plaintiff's waste truck. The force of the impact pushed the waste truck down the track, causing Plaintiff to sustain injuries to his ribs, back, neck, hip, and other parts of his body. The impact also caused significant property damage to Plaintiff's waste truck.

3.02   The incident was subsequently investigated by the Houston Police Department and it was determined that Defendant's warning equipment at the railroad crossing was "defective." Upon information and belief, Defendant owned, controlled, operated, leased, managed, and/or maintained the subject warning signal equipment at the railroad crossing.

## IV.
## CAUSE(S) OF ACTION

### *Negligence*

4.01    Upon information and belief, Defendant Union Pacific constructed, owned, operated, inspected, managed, and/or controlled the crossing gates and signals at the subject railroad crossing, which at all times remained under its care, custody, and/or operational control and designed to regulate railroad and vehicular traffic at that crossing.

4.02    On the day in question, the subject railroad crossing was open to the public, including Plaintiff, and Defendant Union Pacific owed Plaintiff the duty to exercise ordinary and reasonable care in designing, constructing, inspecting, maintaining, repairing, and operating the crossing gates and signals in a reasonably safe condition.  At all relevant time herein, Defendant Union Pacific owed a duty to Plaintiff to provide a minimum of 20 seconds of continuous warning that a train was approaching the subject crossing and to insure that the gates would be completely down for a period of 5 seconds prior to a train entering the intersection.

4.02    Defendant Union Pacific was negligent and careless in one or more of the following respects which, among others, may be shown at the trial of this cause:

   a.   failing to inspect the subject crossing gates, signals and/or related component parts to ensure they were in proper working order;

   b.   failing to properly design the railroad warning system to ensure the system would operate under the fail-safe principals;

   c.   failing to properly inspect the railroad rails and warning system to ensure there was time for vehicles to clear the intersection after the system was activated;

   d.   failing to ensure that if the crossing gates, signals and/or related component parts malfunctioned or improperly shunted that same would remain in the fail-safe position until it was safe for the public to use the roadway;

   e.   failing to ensure the crossing gates would remain in the full down position for at least 5 seconds prior to the train entering the roadway;

3

    f.      failing to warn drivers, including Plaintiff, of the dangers associated with the crossing gates, signals and/or related component parts;

    g.      failing to properly train its employees, agents, servants, and/or representatives to maintain and inspect the subject crossing gates, signals and/or related component parts;

    h.      failing to notice that the subject crossing gates, signals and/or related component parts were not in proper working order;

    i.      failing to repair and/or replace the subject crossing gates, signals and/or related component parts;

    j.      operating a train on the track at a time when the subject crossing gates, signals and/or related component parts were not operating properly; and/or

    k.      violating federal and state statutes and regulations applicable to the design, operation, inspection, and maintenance of railroad crossing warning signals on public roadways.

4.03    The preceding acts and omissions by Defendant Union Pacific, directly and/or vicariously by and through acts of its agents, representatives, and/or employees, singularly or in combination with other conduct complained of herein, constitute negligence, which was the proximate cause of the incident, and the resulting injuries and damages sustained by Plaintiff herein.

4.04    Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the unsafe condition of the subject railroad crossing, warning signals and/or related component parts – which was entirely brought about by the negligence of Defendant.

## V.
## DAMAGES

5.01    As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his chest, hip, neck, back, and other parts of his body, causing him to experience physical pain, discomfort, distress, and other medical problems that, in all reasonable probability, will continue indefinitely.

5.02    These occurrences and injuries occurred as a proximate result of the negligence and/or lack of attention on the part of Defendant Union Pacific, its agents, servants, and/or employees acting in the course and scope of their employment and/or agency.

5.03    In addition to the expenses incurred by him and incapacity to labor caused by his injuries, Plaintiff has been put to much expense for treatment; such expenses are still continuing and he is unable to state the full amount thereof.  Notwithstanding the foregoing, categorical damages which Plaintiff seeks to recover from Defendant Union Pacific include compensation for the following:

   a.  physical and mental disability sustained by Plaintiff from the date of injury to the time of trial;

   b.  future physical and mental disability reasonably anticipated to be sustained by Plaintiff in the future;

   c.  physical and mental pain and suffering sustained by Plaintiff from the date of injury to time of trial;

   d.  physical and mental pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

   e.  loss or earnings sustained by Plaintiff from the date of injury to time of trial;

   f.  loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

   g.  reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

   h.  reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

   i.  past and future physical disfigurement; and

   j.  past and future mental and physical impairment.

## VI.
## INTEREST

6.01    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

7.01    Plaintiff respectfully demands a jury.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiff prays:

a.    That process in due form of law according to the practice of this Honorable Court issue against Defendant Union Pacific summoning it to appear and answer, all and singular, the matters aforesaid;

b.    That a judgment may be entered in favor of Plaintiff against Defendant Union Pacific for the amount of his claims to be determined;

c.    That Plaintiff have pre-judgment and post-judgment interest and all costs of Court;

e.    That this Honorable Court grant Plaintiff a Trial by Jury; and

f.    That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

        Respectfully submitted,

        GILMAN ✤ ALLISON LLP

        */s/ Brenton J. Allison*
        Brenton J. Allison
        Texas Bar No. 24040417
        Federal I.D. No. 36863
        Douglas T. Gilman
        Texas Bar No. 24048496
        Federal I.D. No. 19897
        2005 Cullen Blvd.
        Pearland, Texas 77581
        Telephone: (713) 224-6622
        Facsimile: (866) 543-3643

        **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
GILMAN ✤ ALLISON LLP